UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| SAMUEL JOSEPH ORLANDO, <br><br> Plaintiff, <br><br> v. <br><br> BRISTOL NEAL, *et al.* <br><br> Defendants. | No.: 5:23-cv-00012-MFU |

**PLAINTIFF'S MOTION FOR AN ORDER TO SHOW CAUSE WHY DEFENDANTS SHOULD NOT BE COMPELLED TO SCHEDULE A 26(f) CONFERNCE AND WHY DEFENDANTS SHOULD NOT BE ORDERED TO PAY APPROPRIATE FEES AND COSTS**

Plaintiff Samuel Joseph Orlando ("Mr. Orlando" or "Plaintiff"), by counsel, hereby moves this Court for an Order to Show Cause why Defendants should not be compelled to schedule a Federal Rules of Civil Procedure, Rule 26(f) conference and pay fees and costs.

**INTRODUCTION & RELEVANT FACTS**

1

Plaintiff filed his Complaint (ECF Doc. No. 1) on October 24, 2022.[1] Counsel for Defendants, Bristol Neal ("Mr. Neal") and Rebecca Byrd Neal ("Ms. Neal"), entered his appearance November 17, 2022 (ECF Doc. No. 17); thereafter on November 22, 2022, Ms. Neal personally filed a motion to continue and to enlarge time to answer which was eventually dismissed as moot. *See Orlando v. Smith, et al.*, case no: 5:22-cv-00062-MFU (ECF Doc. Nos. 16, 40). In its February 3, 2023 Order the Court granted Defendants fourteen days to file responsive pleadings. The Neals[2] then filed multiple papers including a motion to dismiss (the "Neals' Motion") as well as an answer and second answer on February 15, 2023, *Orlando v. Smith, et al.*, case no: 5:22-cv-00062-MFU (ECF Doc. Nos. 41-44), and re-docketed in the instant case as ECF Doc. Nos. 3-6.

Plaintiff's counsel reached out to Defendants' counsel ("Mr. Pollack"), in the hopes of avoiding an unnecessary opposition and to give Defendants an opportunity to withdraw their motion to dismiss. *See* Exhibit A (ECF Doc. No. 9-1).[3] Defendants' counsel drafted a letter which in large part leveled criticisms against Plaintiff's parents and apparently questioned the merits of an unrelated appeal—which has yet to be briefed—and appears to question counsel's familiarity

---

[1] Due to the severance of causes of action and Defendants docketing of certain papers within this action differ from original filing dates in the original action *Orlando v. Smith, et al.*, case no: 5:22-cv-00062-MFU (W.D.Va 2022).
[2] It appears within their filings that the Neals are attempting to proceed utilizing initials, but have yet to file any motion to seal or to proceed pseudonymously, *etc.*
[3] A true and correct copy of an email conversation is attached hereto as Exhibit A.

2

with the filings in the instant matter. *See* Exhibit B at pp. 1-2 (ECF Doc. No. 9-2) (a true and correct copy of Mr. Pollack's letter dated February 28, 2023).

Despite the insistence on moving forward with the instant matter and refusing to withdraw their motion to dismiss, the Neals have never made any attempt to schedule the motion or have the motion heard. Apart from the correspondence relating to the opportunity to withdraw the Neal's Motion, there has been no communication whatsoever from Neal's Counsel indicating any intention to have that motion heard, nor to schedule a hearing, nor to schedule a Rule 26(f) conference.

Needless to say, more than 60 days have passed since the filing of the Neals' Motion.[4] After the passage of 60 days, Plaintiff's counsel first reached out to Mr. Pollack on April 23, 2023; no response came. Plaintiff's counsel yet again emailed Mr. Pollack on April 29, 2023; no response followed. Plaintiff's counsel thereafter received communication from the Courtroom Deputy stating that "David Briggman, who identified himself as Mr. Pollack's paralegal" contacted the Court. *See* Ex. D. Immediately after receiving this communication, yet again, Plaintiff's counsel contacted Mr. Pollack, a single sentence response followed. *See* Ex. C. Thereafter, Plaintiff's counsel responded to Mr. Pollack to inquire whether he had

---

[4] Given Local Rule 11(b), Plaintiff's counsel treated the motion as "deemed withdrawn[.]"

3

any intention to discuss his availability to schedule a Rule 26(f) conference, and Mr. Pollack proceeded to ignore Plaintiff's counsel's emails yet again. *See* Ex. C.[5]

Plaintiff's counsel throughout this one-sided dialogue has evinced patience and courtesy in the face of what appears to be a rather unconventional and miserly style of communication.

## ARGUMENT

### I.  Introduction

To begin, the Neals and Mr. Pollack have been afforded every opportunity to avoid the instant filing; they have made conscious decisions to behave in a manner which displays at best a gross lack of self-awareness and professional courtesy—Plaintiff's counsel sincerely hopes this is simply a case of neglect rather than willful conduct. Plaintiff's counsel, potentially mistakenly, decided to address the withdrawal of Neals' Motion absent seeking recourse from this Court and without having formally sought sanctions. *See* Exhibit A. Instead of either withdrawing the Neal's Motion, submitting it, or scheduling a hearing, Mr. Pollack drafted a letter attacking third parties then allowed for the motion to be withdrawn as an operation of law. *See* L.R. 11(b); *see also* Ex. B.

---

[5] Exhibit C a true and correct copy of an email string beginning April 23, 2023 regarding the scheduling of a Rule 26(f) conference (ECF Doc. No. 9-4). Exhibit D contains a true and correct copy of an email communication from the Courtroom Deputy dated May 3, 2023 and the following string of communications (ECF Doc. No. 9-3).

4

Thereafter, instead of attempting to confer—either about the withdrawn motion or scheduling a discovery conference—Mr. Pollack ignored multiple communications over the course of ten days. *See* Ex. C. Thereafter, instead of contacting counsel, he contacted the Courtroom Deputy through a purported paralegal referencing communications from Plaintiff's counsel. *See* Exs. C-D. In other words, Mr. Pollack was receiving the emails from Plaintiff's counsel and simply chose not to respond. But for the Courtroom Deputy contacting Plaintiff's counsel to inform him of the improper request of Mr. Pollacks "paralegal," Plaintiff's counsel would have remained wholly unaware that Mr. Pollack was receiving communications. Moreover, rather than evincing contrition, or even a semblance of embarrassment, Mr. Pollack went on to send a single-line reply and to yet again begin ignoring Plaintiff's counsel's emails. *See* Ex. C.

## II.  Mr. Pollack Will Not Do What He Is Obliged to Do Absent Court Order.

Sad to say, it does not appear that there exists any willingness to establish a professional rapport or workable dialogue to allow for productive communications on the part of Mr. Pollack, and it is no longer justifiable to create yet more fees in the vain hope that such a willingness shall come into being. It is far from apparent what has caused this intransigence or behavior on the part of Mr. Pollack and Plaintiff truly hopes there exists some explanation or circumstances that have created the instant situation.

To be brief, Local Rule 11(b) requires minimal diligence on the part of the movant:

> The moving party is responsible either to set a motion for hearing or to advise the Court that all parties agree to submission of the motion without a hearing. The non-moving party also may arrange for a hearing. All hearings are to be at a date and time obtained from and scheduled by the Court. *Unless otherwise ordered, a motion is deemed withdrawn if the movant does not set it for hearing (or arrange to submit it without a hearing) within 60 days after the date on which the motion is filed* . . .

L.R. 11(b) (emphasis added).

There has been no communication indicating any request to have the motion heard, nor any request to order it submitted, nor any request for an order seeking to undo what occurs as an operation of law.

Rule 26(f), of the Federal Rules of Civil Procedure (hereinafter "FRCP") provides:

> Except in categories of proceedings exempted from initial disclosure under Rule 26(a)(1)(E) or when otherwise ordered, the parties must, as soon as practicable and in any event at least 21 days before a scheduling conference is held or a scheduling order is due under Rule 16(b), confer to consider the nature and basis of their claims and defenses and the possibilities for a prompt settlement or resolution of the case, to make or arrange for the disclosures required by Rule 26(a)(1), and to develop a proposed discovery plan that indicates the parties' views and proposals concerning:
>
>> (1) what changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made;

6

> (2) the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused upon particular issues;
>
> (3) what changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed; and
>
> (4) any other orders that should be entered by the court under Rule 26(c) or under Rule 16(b) and (c).

The attorneys of record and all unrepresented parties that have appeared in the case *are jointly responsible for arranging the conference*, for attempting in good faith to agree on the proposed discovery plan, and for submitting to the court within 14 days after the conference a written report outlining the plan. A court may order that the parties or attorneys attend the conference in person. If necessary to comply with its expedited schedule for Rule 16(b) conferences, a court may by local rule (i) require that the conference between the parties occur fewer than 21 days before the scheduling conference is held or a scheduling order is due under Rule 16(b), and (ii) require that the written report outlining the discovery plan be filed fewer than 14 days after the conference between the parties, or excuse the parties from submitting a written report and permit them to report orally on their discovery plan at the Rule 16(b) conference.

FRCP 26(f) (emphasis added).

Rule 16, requires a scheduling order to issue "the earlier of 90 days after any defendant has been served with the complaint or 60 days after any defendant has appeared." FRCP 16(b)(2).

The Advisory Committee Notes to the 1993 Amendments to Rule 26 provide as follows:

> To assure that the court has the litigants' proposals before deciding on a scheduling order and that the commencement of discovery is not delayed unduly, the rule provides that the meeting of the parties take place as soon as practicable and in any event at least 14 days before a scheduling conference

7

> is held or before a scheduling order is due under Rule 16(b). (*Rule 16(b) requires that a scheduling order be entered within 90 days after the first appearance of a defendant or, if earlier, within 120 days after the complaint has been served on any defendant.*) **The obligation to participate in the planning process is imposed on all parties that have appeared in the case, including defendants who, because of a pending Rule 12 motion, may not have yet filed an answer in the case**. Each such party should attend the meeting, either through one of its attorneys or in person if unrepresented. If more parties are joined or appear after the initial meeting, an additional meeting may be desirable.
>
> Advisory Committee Notes to FRCP 26. (Emphasis added).

Mr. Pollack apparently believes that the instant case is stayed.[6] Apparently, because he is under this belief, he has no intention to either schedule a Rule 26(f) conference or to communicate with Plaintiff's counsel. Given the passage of time, and the withdrawal of Mr. Pollack's motion to dismiss there is no reason to assume that within *this* case a discovery conference would be impracticable or could not be held as soon as feasible. *See Mairena-Rivera v. Langston Construction, LLC*, Case No. 16-4493, 2016 WL 11824232, at *2 (E.D.La. Aug. 3, 2016) (quoting *Escareno ex rel. A.E. v. Lundbeck, LLC*, No. 3:14-CV-257-B, 2014 WL 1976867, at *3 (N.D. Tex. May 15, 2014) (citing *U.S. ex rel. Gonzalez v. Fresenius Med. Care N. Am.*, 571 F. Supp. 2d 766, 767-68 (W.D. Tex. 2008)) (discussing typical situation in which active motion to dismiss is pending and granting where such motion is not pending).

---

[6] This is simply an incorrect reading of the Court's order issued in the original matter, *see Orlando v. Smith, et al.,* case no: 5:22-cv-00062-MFU (ECF Doc. Nos. 40), which the Court made clear on its ruling from the bench. *See id.* ECF Doc. No. 48 at 71:2-14 (Feb. 1, 2023 Tr.).

While the instant situation is rare in this procedural stance—Plaintiff's counsel could find no similar case in this District or within the Fourth Circuit—it appears that repeated failures to respond to communications results in orders compelling conferences. *See, e.g.*, *ING Bank, fsb v. Fazah*, Case No. CIV S–09–1174 WBS EFB PS, 2009 WL 3824751, at * 3 (E.D.Cal. Nov. 16, 2009). Given the behavior present here, plainly compelling a conference is warranted.

### III. <u>Appropriate Recourse</u>

Plaintiff strongly believes that the behavior displayed here should neither be tacitly approved of nor repeated: put frankly, the practice of law is difficult even when all parties are acting with preternatural patience and courtesy; it becomes well-nigh impossible where a party's attorney lets his personal animus bleed into his practice. Rule 37(f) specifically empowers a Court to issue sanctions in this situation:

> If a party or its attorney fails to participate in good faith in developing and submitting a proposed discovery plan as required by Rule 26(f), the court may, after giving an opportunity to be heard, require that party or attorney to pay to any other party the reasonable expenses, including attorney's fees, caused by the failure.

FRCP 37(f).

This rule-based power is of course *in addition* to statutory powers to sanction, *see, e.g.*, 28 U.S.C. § 1927, and the Court's inherent power to sanction those appearing before it. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 49 (1991)

(noting "prior cases have indicated that the inherent power of a court can be invoked even if procedural rules exist which sanction the same conduct").

> The imposition of sanctions in this instance transcends a court's equitable power concerning relations between the parties and reaches a court's inherent power to police itself, thus serving the dual purpose of "vindicat[ing] judicial authority without resort to the more drastic sanctions available for contempt of court and mak[ing] the prevailing party whole for expenses caused by his opponent's obstinacy."

*Id.* at 45-46 (quoting *Hutto v. Finney*, 437 U.S. 678, 689, n. 14 (1978)) (alterations original).

To be perfectly candid, Plaintiff is at a loss as to what an appropriate sanction may be for the conduct described herein and invites the Court to determine an appropriate sanction. Plaintiff's counsel has spent more than 25 hours in total due to the conduct described, the vast majority of that was devoted to drafting an opposition which was made moot by the conduct of Mr. Pollack and in drafting the initial letter inviting Mr. Pollack to withdraw the Neals' Motion which he refused to withdraw when invited to do so, but chose to withdraw through inaction after the opposition was filed.

The instant motion for the issuance of an order to show cause has required 7.8 hours to draft, all but 3 hours of which was devoted to attempting to find a factually similar case and procedural research. While Plaintiff certainly does not believe that a sanction for the total cost is appropriate it is difficult to determine

what amount would be required to impress the importance of professional courtesy and propriety on Defendants' counsel.

## CONCLUSION

For the foregoing reasons, Plaintiff, Samuel Joseph Orlando, requests that this Court issue an order to show cause requiring Defendants to show cause why they should not be compelled to schedule a 26(f) conference and pay appropriate costs and fees.

Dated: May 5, 2023

    Cold Brook, NY

Respectfully submitted,
/s/Zachary Lawrence
Lawrence Law Firm PLLC
Little Falls, NY 13365
202-468-9486
zach@zlawpllc.com
*Pro hac vice* (NY Bar No.: 5798202)
*Attorney for Plaintiff Samuel Joseph Orlando*