David B. Briggman
7556 Mountain Valley Road
Keezletown, Virginia 22832
(540) 246-5252
briggman@gmail.com

June 29, 2023

Chief Judge Michael Urbanski
United States District Court
116 North Main Street, 3rd Floor
Harrisonburg, Virginia 22802

RE:     *Orlando v. Neal,* case number 5:23-cv-00012
        Supplemental Evidence
        Movant David B. Briggman's Motion to Quash

**<u>BY EMAIL AND BY FEDERAL EXPRESS</u>**

Dear Judge Urbanski:

I wanted to provide the Court with "supplemental evidence" which relates to the Motion to Quash the Subpoena for Deposition I've filed, *pro se,* in the above-entitled matter. The evidence, in my view, further illustrates the point I hope I made clear during the hearing, that Plaintiff's attempt to depose me in not for a proper purpose, but rather to harass and is designed to acquire information relating to matters I know about which are not relevant to the instant matter. As the hearing I drove 15 hours to appear at was on June 23, this evidence was not received by me until this morning. Yesterday's attempt frightened both my wife and one of my sons who was present when the Under Sheriff had attempted service, as was the intent.

*<u>Given the circumstances which I will describe below, I do not believe that counsel for Plaintiff, Mr. Lawrence, had any prior knowledge of this, however, I believe that it's possible that counsel for Plaintiff, Ms. Matheny-Willard, likely did.</u>* I have no proof of that though.

Although a first attempt was made yesterday by the Hamilton County Sheriff's Office here in New York, I accepted service of process of another Subpoena for Deposition that Micheal Donovan filed in the matter of *<u>Briggman v. Richard Edward Moore, et al.,</u>* in the Circuit Court of Augusta County, which bears the case number of CL23000821-00.

I filed that case earlier this year against Moore, Donovan, and four of their "agents" for them having obtained bogus criminal charges against me, all of which were dismissed. However, when I filed the case, I specifically DID NOT request the issuance of any Summons because I had no intention to serve any of the defendants immediately, primarily because of the many civil and criminal charges pending against Moore and Donovan which are pending resolution.

According to the documents served upon me, Donovan (once again, of Plaintiff's two "parents") appears to have filed an "answer", *pro se,* to the unserved Complaint in the Circuit Court of Augusta County and with his "answer", Donovan filed a "Request for Witness Subpoena" and a "Notice of Deposition" and for whatever reason, The Circuit Court of Augusta County issued a Subpoena for Deposition even though they had generated no summons for any defendant so that service could be accomplished pursuant to 8.01-296 of the Code of Virginia. Without service of both a Summons and Complaint, a court cannot acquire either personal or subject matter jurisdiction to hear any matter. Once Augusta County issued the Subpoena for Deposition, Donovan apparently hired a New York attorney – who is not Mr. Lawrence (who lives and practices one county away from the county where we are vacationing) – to domesticate the Subpoena for Deposition for use here in New York. In a telephone call with Mr. Lawrence this morning, I believe he was genuinely surprised at Donovan's conduct, and had this been a "legitimate" attempt, I believe Donovan would have used Mr. Lawrence to both domesticate the Subpoena and conduct the Deposition…and yet, he hired yet another attorney to do what Mr. Lawrence could easily have done.

As the Court can see on Page Two (2) of the Notice of Deposition, the continuation of the abusive attempts seeking to have me disclose materials which relate to Plaintiff, Donovan, Moore, and Zachary Cruz continues.

Remarkably, Donovan's actions took place literally on the next business day after you issued an Oral Order which continued the stay the Court has put into place pending adjudication of the Motion to Quash I've filed as well as the other pending motions before the Court.

Given the above, and the fact I don't have proof that either attorney was involved in this circus stunt, I would kindly withdraw by request for any sanctions that the Court may impose, be imposed _solely_ upon the Plaintiff in this matter as appears to have been solely his "parent" who has engaged in the offending conduct.

Further, I ask the Court to use its inherent power in any way possible to stop the abusive conduct not only toward me, but my family and friends.

Respectfully submitted,

/S David B. Briggman

DAVID B. BRIGGMAN, Movant, *Pro Se*

7556 Mountain Valley Road

Keezletown, Virginia 22832

(540) 246-5252

briggman@gmail.com

cc:    Brad Pollack, Esq.
       Zachary Lawrence, Esq.
       Amina Matheny-Willard, Esq.