IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

| | |
|---|---|
| SAMUEL JOSEPH ORLANDO, : | |
| : | |
| Plaintiff : | |
| : | |
| v. : | Case No. 5:23-cv-00012 |
| : | |
| BN and RBN, : | |
| : | |
| Defendants. : | |

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR ORDER TO SHOW CAUSE

Comes now the Defendants, *by counsel,* and for their opposition to Plaintiff's Motion for Order to Show Cause[1] filed by Plaintiff states as follows:

## BACKGROUND

As this Court knows, both sets of Defendants in the underlying case have referred to this Complaint as a "strike suit"[2] where Plaintiff as an agent of the principals of Nexus Services have adopted the long-held litigation tactics utilized in this Court since 2015 when Nexus filed its first frivolous lawsuit in this Court[3] when Judge Dillon sanctioned their attorneys for their conduct over the course of the entire litigation. In that case as Defendants' Memorandum in Support of Sanctions makes perfectly clear, the initial grounds for the suit were frivolous from the outset where the matter was initially filed in the Circuit Court of Augusta County and then nonsuited,

---

[1] Plaintiff has filed an amended motion for an order to show cause why defendants should not be compelled to participate in 26(f) planning and why defendants' counsel should not be ordered to pay appropriate feeds and costs in ECF 26.

[2] A strike suit is a lawsuit of questionable merit brought by a single person or group of people with the purpose of gaining a private settlement before going to court that would be less than the cost of the defendant's legal costs.

[3] *Nexus Services, Inc., et al. v. Donald Moran, et al.,* case number 5:16-cv-00035, this Court.

Defendants' Opposition to Motion for Order to Show Cause — Page 1

then refiled in this Court where Nexus filed a Complaint requiring substantial motions practice by the defendants, only to have Nexus voluntarily dismiss their Complaint while they had a third motion to amend and motion to compel pending. This conduct occurred over *nine months.* The Court in that matter awarded the Augusta County Sheriff's Office defendants some $32,000 in sanctions with part of those sanctions being apportioned across four Nexus attorneys.

As counsel for Defendants stated in the June 23, 2023 hearing in Harrisonburg, counsel is representing the Defendants against this "strike suit" *pro bono.* As the Court is also aware, Defendant BN is the son of RBN, who happens to be a former Chief Financial Officer of Nexus Services. As the Court learned during the June 23, 2023 hearing, RBN testified before the federal Grand Jury that issued 10 felony indictments for Richard Edward Moore. She will likely testify at Moore's trial, currently scheduled for December of 2023. She has provided information to both criminal and administrative investigations relating to Nexus Services. BN is the victim outlined in the Affidavit for Search Warrant filed by Defendants in their Motion to Stay the instant matter which was heard on June 23, 2023.

In the instant matter, counsel for Plaintiff is seeking sanctions which appear to be $19,170 or $27,570 or $36,760, or $38,617.75 in sanctions[4]. The reasons given for seeking the sanctions appear to be, in part, because Defendants declined to withdraw their motion to dismiss. Plaintiff references "behaviors" which apparently references, at least in part, instances where counsel for Defendants didn't immediately respond to countless weekend emails sent from Mr. Lawrence in a timeframe satisfactory to Mr. Lawrence.[5] Further, as this Court also knows, counsel for

---

[4] See Footnote 7 of Plaintiff's Amended Motion.

[5] It should be noted that Karen Dotson, courtroom Deputy Clerk in Harrisonburg has also been a victim of the pelting of countless email and phone call demands from Mr. Lawrence, where she advised Mr. Lawrence in a June 7, 2023, email "As a courtroom deputy, I am often in court and unable to answer phone calls or respond to emails immediately. Numerous emails do not assist me in responding any faster. One email, copying all counsel of record, is the best way to request a hearing date. And I will respond as quick as I am able".

Defendants' Opposition to Motion for Order to Show Cause — Page 2

Defendants has been chronically ill now for months which illness was related to Mr. Lawrence in a Sunday morning email of January 22, 2023 sent at 10:08AM.

Counsel for Plaintiff refers to the two depositions that he scheduled for both BN and RBN without first consulting with counsel for Defendants as to his or his clients' availability. As the Court noted at the June 23, 2023 hearing, it is customary to coordinate dates as opposed to Mr. Lawrence's belief that issuance of a subpoena for deposition was a "placeholder" date. Mr. Lawrence also scheduled a date for the deposition of Mr. Briggman, counsel's paralegal, knowing that Mr. Briggman was going to be out of state on the date Lawrence placed on Briggman's deposition. Lawrence used his "placeholder" belief in an email to Briggman on June 2, 2023.

Plaintiff asserts on Page Four (4) of his Amended Motion that Lawrence "reasonably concluded" the dates on the subpoenas he issued without confirmation from counsel for Defendants were "good". Certainly, without confirmation of deposition dates, counsel for Defendants cannot be responsible for the actions taken by Mr. Lawrence.

Plaintiff refers to Defendants' Motion to Dismiss as "frivolous." However, this Court made no such determination. Plaintiff also references the new Motion for Stay filed in this severed matter. The primary difference in the Motion to Stay filed in the instant matter was that counsel for Defendants was under the impression, perhaps mistakenly, that the Court had stayed both cases after severing, which caused the Court to clarify its intent to stay only the initial case. The Motion to Stay filed in the initial case related only to the search warrants issued as forming a basis to stay under *Younger.*

The Motion to Stay discovery (including depositions) filed in the instant matter (filed a full week before the purportedly scheduled depositions without even one email from attorney

Defendants' Opposition to Motion for Order to Show Cause — Page 3

Lawrence asking whether my clients would be attending them) illustrated actual pending criminal and administrative proceedings that are ongoing and where BN and RBN as well as Mr. Briggman could reasonably be expected to be offering testimony. In at least one case, Briggman has already been subpoenaed to appear to offer testimony.

Counsel for Plaintiffs is correct that Defendants did not appear at **_his_** scheduled date and time for **_his_** depositions as counsel for Defendants not only did not agree to such deposition dates–Lawrence never even asked Pollack to schedule depositions. Finally, counsel for Defendants is not responsible for where Plaintiff's attorneys are located. Counsel for Defendants would submit that the reputation of Nexus Services, their principals, employees, and agents are reasons why Plaintiff had to search remotely for counsel. Certainly, Norfolk, Virginia and Herkimer County, New York are remote locations, but Plaintiff chose his counsel and counsel chose to file yet another frivolous "strike suit" on behalf of their client in this Court.

**ARGUMENT**

I.     **Introduction**

As the Court knows, the quality of complaints and manner in which Nexus, their principals,[6] employees, and agents conduct their lawsuits is relevant to their conduct in the instant matter. Defendants have demonstrated within this pleading that Mr. Lawrence expects and demands from both opposing counsel and a Deputy Clerk of this Court instantaneous responses to his written and oral demands, both on weekends and while ill. Mr. Lawrence also expects cordiality while he conducts his frivolous lawsuit in suing the victim of protracted sexual assaults by his clients Micheal Donovan, Richard Moore, and to a lesser extent, the Plaintiff

---

[6] See once again, Micheal Donovan, the alleged parent of Plaintiff explaining his litigation tactics of placing a financial hardship on his targets in his own words https://bit.ly/donovan_isolated, last accessed on June 30, 2023.

## II. Counsel for Defendants has fulfilled all of his responsibilities to counsel for Plaintiff and has no responsibility for fees Plaintiff has incurred.

While Counsel for Plaintiff, Mr. Lawrence, is relatively new to the type and frequency of the lawsuits filed by Nexus Services, their principals, employees, and agents, this counsel, this community, and most importantly, this Court is not. Counsel for Defendants has been very courteous to Mr. Lawrence at every interaction, both in writing and by telephone. But this Court could not reasonably find that counsel for Defendants has engaged in *any* type of vexatious litigation by his filing of a Motion to Stay in the instant matter. As previously stated, the Motion to Stay in the instant matter was filed giving the court an enlarged view of the pending criminal and administrative investigations against Nexus Services and their principals, and where the Defendants, and Mr. Briggman, will likely be offering testimony in such cases, requiring a stay under *Younger,* which argument the Court appeared to agree with at the June 23, 2023 hearing, and where the Court continued the stay of the case until such time as it issues its forthcoming order on the motion.

There has been no "failure to communicate" as Mr. Lawrence alleges, but there has been a failure to respond to Mr. Lawrence on his schedule, a schedule which he seeks to impose on both counsel for Defendants as well as a Deputy Clerk of this Court.

Mr. Lawrence then references communications he's had with Mr. Briggman. To be clear, Mr. Briggman in his capacity as a contract paralegal for counsel for Defendants, communicates only with counsel for Defendants. Mr. Briggman, who has been abused by Nexus Services, their principals, employees, and agents now for over six (6) years, is still standing. Mr. Briggman was on his own when Mr. Lawrence decided it would be a great idea to subpoena Briggman for deposition and Mr. Briggman is not subject to the ethical constraints attorneys are, and is better prepared to educate the Court on the past attempts to draw Briggman into cases where he offers

Defendants' Opposition to Motion for Order to Show Cause — Page 6

nothing except information on the many criminal and administrative investigations which relate to Nexus Services, their principals, employees, and agents.

### III.  Appropriate Recourse.

Counsel for Plaintiff, Mr. Lawrence, has filed and is conducting two frivolous lawsuits while he mounts a frivolous interlocutory appeal in the United States Court of Appeals for the Fourth Circuit. There is no evidence that counsel for Defendants has engaged in any conduct that would call for even minimal sanctions under 28 U.S.C. § 1927. Counsel for Defendants has not conducted his communications with Mr. Lawrence on his schedule, and has not submitted to the overbearing demands of an attorney who hasn't had a license to practice law for even two years, neither of which is grounds for sanctions against counsel for Defendants. Accordingly, Plaintiff's demands for fees should not be entertained by this Court. Counsel for Defendants owes counsel for Plaintiffs nothing.

### CONCLUSION

WHEREFORE, based upon the foregoing, counsel for Defendants respectfully requests that this Court issue an Order which DISMISSES the Motion for Order to Show Cause by Plaintiff and other such relief as this Court deems proper.

DATED: June 30, 2023

                                                    BN and RBN
                                                   By Counsel

By:    */s/ Bradley Glenn Pollack (VSB #25290)*
        Bradley G. Pollack, Attorney at Law
        440 North Main Street
        Woodstock, VA 22664-1127
        540-459-8600
        bgpollack@gmail.com

CERTIFICATE OF SERVICE

      I hereby certify that on June 30, 2023, I have electronically filed this document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Amina Matheny-Willard
Amina Matheny-Willard, PLLC
999 Waterside Drive, Suite 2525
Norfolk, VA 23510
757-652-6462
Fax: 757-282-7808
Email: amina@aminalaw.com

Zachary Lawrence
Lawrence Law Firm PLLC
598 E Main Street
Little Falls, NY 13365
202-468-9486
Email: zach@zlawpllc.com

By:     /s/ Bradley Glenn Pollack (VSB #25290)
        Bradley G. Pollack, Attorney at Law
        440 North Main Street
        Woodstock, VA 22664-1127
        540-459-8600
        bgpollack@gmail.com