# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# HARRISONBURG DIVISION

| | |
|---|---|
| SAMUEL JOSEPH ORLANDO, ) | |
| ) | |
| Plaintiff, ) | Case No. 5:23-cv-012 |
| ) | |
| v. ) | By: Michael F. Urbanski |
| ) | Chief United States District Judge |
| RBN and BN, ) | |
| ) | |
| Defendants. ) | |

## AMENDED ORDER[1]

This case is before the court on several pretrial matters: (1) defendant's motion to stay, ECF No. 17; (2) movant David Briggman's motion to quash the subpoena for his deposition and entry of a protective order and for sanctions, ECF No. 19; and (3) plaintiff's second motion to show cause to compel compliance with Rule 26(f) and for costs and fees, ECF No. 26. The court heard argument on these matters on June 23, 2023.

## I.

This case arises out of an earlier filed action, Orlando v. Sheriff Donald Smith, et al, 5:22cv0062. That case alleges violations of plaintiff's civil rights by the Sheriff of Augusta County and others arising out of a 2022 search warrant, interviews, and a criminal investigation stemming from allegations made by defendants BN and RBN to law enforcement regarding alleged sexual abuse. Orlando v. Smith, 5:22cv0062, ECF No. 1 at ¶¶ 162-67. Four counts of the complaint, Counts 4, 5, 6, and 9, allege historic sexual abuse of plaintiff Orlando

---

[1] This order has been amended on pages 5 and 6 for the sole purpose of removing the designation of ECF No. 37 as a "motion." No substantive changes have been made.

perpetrated by BN and facilitated by RBN. Id. at ¶¶ 2-4, 57-78, 84-97, 102-05, 111, 201-223, 243-47. Paragraph 111 of the Orlando v. Smith complaint alleges "The abuse ORLANDO received at the hands of [BN and RBN] ended in 2019, when ORLANDO was sixteen (16) years old." Id. at ¶ 111.

The court conducted a motions hearing on February 1, 2023, and the court found that the complaint alleged two lawsuits with very distinct allegations. The court stated at the hearing:

> There are two lawsuits here. . . . [T]here is the lawsuit against – that arises from the conduct of the sheriff and the major that alleges there is constitutional violations and other matters. Then there's a very different lawsuit that is set forth in Counts . . . 4, 5, 6, and 9. Those are allegations of historic sexual misconduct and abuse by the plaintiff against [BN] and with allegations that this was condoned and looked aside by [RBN].

Feb. 1, 2023, Hr'g Transcript, ECF No. 48, at 67. The court reasoned that the sexual abuse alleged by Orlando involved different conduct from the alleged constitutional violations by Augusta County Sheriff Smith and Major Jenkins and that "it would not be fair or appropriate to have defendants Smith and Jenkins be in a lawsuit dealing with sexual abuse that, according to the allegations in 4, 5, 6 and 9 went on for years and years well before anything that happened in October of 2022 took place with regard to this search warrant." Id. at 68. As a result, the court severed counts 4, 5, 6, and 9, alleging historic sexual abuse by BN and facilitated by RBN, into a separate lawsuit. As to the alleged constitutional and other violations arising from the execution of a search warrant and investigation into criminal conduct by the August County Sheriff in 2022, the court applied Younger abstention, see Younger v. Harris,

401 U.S. 37 (1971), and stayed the severed case related to the state court criminal investigation. The court stated:

> As to the issue of Younger abstention and a broader stay, I believe that motion is well taken. And I believe that I'm very, very concerned because I do believe that these search warrants give rise to a judicial proceeding. They are not issued by the sheriff. The are issued by a magistrate in Augusta County. And they give rise to a judicial proceeding. And I'm very concerned that the discovery in this case is going to interfere with the prosecution, the orderly prosecution . . . of the criminal matter that's in state court.
>
> But it can't go on forever. There has to be some boundary. For example, if this prosecution doesn't go anywhere, Mr. Orlando needs to have this opportunity under the third Younger factor to have an adequate opportunity for judicial review of his federal constitutional claim.
>
> It is my sense and is my belief, but I'm going to issue a written opinion on it, that Younger abstention applies here, and it would be unwarranted interference by this Court in a state criminal matter that's been represented to the Court to be ongoing to allow discovery to go forward in this case.

Id. at 70-71. The court issued a Memorandum Opinion and Order on the issue of Younger abstention on May 8, 2023, ECF Nos. 50, 51, which plaintiff appealed. ECF No. 52.

Meanwhile, plaintiff Orlando has diligently sought to undertake discovery on Counts 4, 5, 6, and 9 in the severed case. Orlando v. RBN & BN, No. 5:23cv012. Plaintiff's discovery efforts have met with resistance from defendants BN and RBN in the form of their own motion to stay on the basis of Younger abstention and from nonparty David Briggman, who resists the taking of his discovery deposition, as to which Orlando has issued a notice and subpoena. The court will address these issues separately.

II.

Defendants' motion to stay, ECF No. 17, is **DENIED**. <u>Younger</u> abstention is appropriate when "granting the requested relief would require adjudication of federal constitutional issues involved in [a] pending state action." <u>Traverso v. Penn</u>, 874 F.2d 209, 212 (4th Cir. 1989). <u>Younger</u> is intended to "permit state courts to try state cases free from interference by federal courts." 401 U.S. at 43. The claims raised in Counts 4, 5, 6, and 9 concern conduct that ceased in 2019, years before the August County criminal investigation arose concerning that allegations made by BN that he had been sexually abused in Virginia and elsewhere. The October 3, 2022, search subject affidavit executed by Augusta County Sheriff's Office Major Brian Jenkins and state Magistrate Keffer, states "RBN reported that her son, BN, had told her that he was sexually abused in Las Vegas, Nevada by Richard Moore in March of 2018 at the age of 16. The abuse continued in Virginia for one and a half years." <u>Orlando v. Smith</u>, 5:22cv0062, ECF No. 1-8, at 5. This conduct, as to which BN claims to be a victim of sexual abuse and gave rise to the Augusta County criminal investigation, is distinct from the conduct alleged in Counts 4, 5, 6, and 9, in which Orlando claims he was the victim of sexual abuse perpetrated by BN and facilitated by RBN, in Illinois and Virginia, ending 2019. As such, there is no reason to delay discovery into Orlando's claims alleged in Counts 4, 5, 6, and 9. <u>Younger</u> abstention simply does not apply to these claims, as to which there is no suggestion that there is an ongoing state criminal investigation. However, in the interest of cabining discovery only to the allegations at issue in this case, discovery is limited to events that took place prior to 2019, when Orlando alleges that the sexual abuse by BN ceased. Accordingly, the motion to stay filed by defendants BN and RBN, ECF No. 17, is **DENIED**.

Counsel for RBN and BN are **ORDERED** to cooperate with counsel for Orlando to facilitate discovery under the Federal Rules of Civil Procedure. Specifically, counsel for BN and RBN is **ORDERED** to meet and confer with Orlando's counsel pursuant to Rule 26(f) and provide a written discovery plan to the court within fourteen (14) days of this order. Counsel must also cooperate with Orlando's counsel to respond to written discovery of his clients BN and RBN and schedule the depositions of his clients before discovery closes on September 30, 2023.

Pending further discovery developments, plaintiff Orlando's motion for costs and fees, and second motion to show cause, ECF No. 26, is **TAKEN UNDER ADVISEMENT**.

## II.

Nonparty movant David Briggman has filed a motion to quash the subpoena for his deposition and entry of a protective order and for sanctions. ECF No. 19. In his various filings, Briggman asserts that he has no personal knowledge of the sexual abuse alleged by Orlando in Counts 4, 5, 6, and 9, ECF No. 20, at 6; ECF No. 28, at 3, 7, and that the attempt to depose him is part of a larger pattern of litigation abuse by Micheal Donovan and Richard Moore, the principals of his former employer, Nexus Services, Inc. ECF No. 20, at 1-5; ECF No. 26, 1-5. On this record, there is simply no showing by plaintiff that Briggman has any personal knowledge of the claims alleged in Counts 4, 5, 6, and 9. As such, the court cannot see any basis upon which Briggman may be subject to a deposition in this case.

At the same time, counsel for Orlando asserts that Briggman has "acted in a manner that is contumacious and sanctionable," Mot. to Show Cause, ECF No. 52, at 2, and seeks sanctions against Briggman, contending that "Briggman has proven willing to insult, extort, and harass Plaintiff's attorneys within this case." Id. at 3.

Considering the various assertions made by Briggman that he has no personal knowledge of the sexual abuse alleged in Counts 4, 5, 6, and 9, and claims by both Briggman and counsel for Orlando that they are engaged in litigation harassment and abuse, the court ORDERS that Briggman and counsel for Orlando personally appear in before United States Magistrate Judge Joel C. Hoppe for a hearing. Pursuant to 28 U.S.C. § 636(b)(1)(A), the court designates Magistrate Judge Hoppe to hear and determine the following pretrial matters:  (1) Whether there is any good faith basis for plaintiff Orlando to take the discovery deposition of Briggman regarding the allegations of Claims 4, 5, 6, and 9; (2) If such good faith basis is lacking, whether sanctions against Orlando and/or his counsel are appropriate; (3) If such good faith basis is apparent, the circumstances under which Briggman's deposition may proceed; and (4) Whether Briggman, as a non-party, can and should be sanctioned for his email communications with counsel for Orlando.

This designation to the United States Magistrate Judge includes all discovery and non-dispositive pretrial matters, including the motions filed at ECF Nos. 19, 26, and 52.

It is **SO ORDERED**.

Entered:  August 18, 2023

Michael F. Urbanski
Chief U.S. District Judge
2023.08.18 10:14:57
-04'00'

Michael F. Urbanski
Chief United States District Judge