UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF VIRGINIA

HARRISONBURG DIVISION

| | |
|---|---|
| SAMUEL JOSEPH ORLANDO, | |
| Plaintiff, | |
| v. | No.: 5:23-cv-00012-MFU |
| BRISTOL NEAL, *et al.* | |
| Defendants. | |

**PLAINTIFF'S MOTION FOR SANCTIONS OR OTHER APPROPRIATE RELIEF UNDER FRCP 30(d)(2) & Rule 37(a)(3)(B)(i)**

Plaintiff Samuel Joseph Orlando ("Mr. Orlando" or "Plaintiff"), by counsel, hereby moves, pursuant to Federal Rules of Civil Procedure, Rules 30(d)(2) & Rule 37(a)(3)(B)(i), for an order compelling the answer to all deposition questions to be asked of Deponent James Gragg and for appropriate sanctions under Rule 30(d)(2); Plaintiff specifically requests the ability to conduct Mr. Gragg's deposition under Rule 30 notwithstanding the discovery plan (ECF Doc. No. 61) entered into by Plaintiff and Defendants and to compel attendance at an oral

deposition to be conducted under Rule 30 and for costs and fees resulting from Mr. Gragg's conduct.[1]

On October 11, 2023, Plaintiff served a deposition notice on Defendants' counsel; a subpoena for that deposition was served on Mr. Gragg on October 11, 2023. *See* Lawrence Decl., Exs. C, D. The deposition was scheduled to occur on November 13, 2023, and the same did proceed to a certain degree—Plaintiff conducted this deposition under Rule 31, as required by the discovery plan; however, after commencing approximately 6 hours after the scheduled time, the notary (the "Notary") hired to conduct the deposition was forced to adjourn the deposition shortly due to Mr. Gragg's conduct. *See generally id.*, Exs. A, B. During the same time the Notary contacted Plaintiff's counsel who apologized for the conduct and advised that she should proceed only if she believed she could proceed and would be safe in proceeding.

Approximately thirty minutes after recommencing the deposition, the Notary had to suspend the matter because Mr. Gragg removed his microphone and walked out of the room. *Id.* Prior to this the Notary's efforts were impressive; she

---

[1] Plaintiff further would request the Court consider the unique facts brought to light previously surrounding Mr. Gragg's personal state and tailor a sanction that does not seek to punish him if he indeed is incompetent or otherwise unable normally control his actions.

2

persevered through name-calling, abuse, threats, thrown papers, vulgarity, profanity, hostility, *etc. See id.*

Due to the conduct of Mr. Gragg, the deposition was impeded, frustrated, and otherwise made impossible. *See generally id.* Furthermore, Mr. Gragg refused to answer questions—those questions he did answer often were evasive, inaccurate, or incomplete. *Ibid.*

Prior to the deposition, Plaintiff requested the appointment of a Guardian ad litem or to otherwise determine competency of Mr. Gragg in response to an email sent to the Court. (ECF Doc. No. 89).This was denied, after the deposition occurred (ECF Doc. No. 96).

In support of this motion, Plaintiff submits a memorandum and the declaration of Zachary Lawrence; for the reasons set forth therein, Plaintiff respectfully requests that this Court grant his motion.

Dated: November 14, 2023
Washington, DC

/s/Zachary Lawrence
Lawrence Law Firm PLLC
166 Five Acres Lane
Cold Brook, N.Y. 13324
202-468-9486
zach@zlawpllc.com
*Pro hac vice* (NY Bar No.: 5798202)
*Attorney for Plaintiff Samuel Joseph Orlando*

3