**UNITED STATES DISTRICT COURT**
OFFICE OF THE CLERK
116 N. MAIN STREET, ROOM 314
HARRISONBURG, VA 22802

OFFICIAL BUSINESS

RICHMOND VA 230

15 NOV 2023 PM 4 L

$0.87
US POSTAGE
FIRST-CLASS
062S0011294893
FROM 22802

```
231 NFE 1    B22I0011/16/23
FORWARD TIME EXP   RTN TO SEND
NEAL
2103 PARK AVE
LYNCHBURG VA 24501-2728
         RETURN TO SENDER
```

Rebecca Byrd Neal
331 Windsor Dr.
Fishersville, VA 22939

CLERK'S OFFICE U.S. DISTRICT COURT
AT HARRISONBURG, VA
FILED

NOV 20 2023

LAURA A. AUSTIN, CLERK
BY: /s/
  DEPUTY CLERK

9308110937054412   INT
22802>3832
22939-216531

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

| | | |
|---|---|---|
| SAMUEL JOSEPH ORLANDO, ) | | |
| Plaintiff, ) | Civil Action No. 5:23-cv-00012 | |
| ) | | |
| v. ) | ORDER | |
| ) | | |
| BRISTOL NEAL, et al., ) | By: | Joel C. Hoppe |
| Defendants. ) | | United States Magistrate Judge |

This matter is before the Court on its own initiative. *See* Sched. Order ¶ 6, ECF No. 16. Defendant Rebecca Neal, appearing pro se, recently sent three emails to the deputy clerk about this case. All three emails appear to seek legal advice or request a court order concerning a scheduled nonparty deposition. Her third email also seeks clarification about the proper method for communicating with the Court about pending litigation. Ms. Neal is not an attorney.

Bradley Pollack, Esq., served as counsel of record for Ms. Neal and her son, Defendant Bristol Neal, until November 6, 2023. On October 13, Mr. Pollack informed the Court that the Virginia State Bar had suspended his license to practice law for six months beginning November 6, 2023. Order of Oct. 13, 2023, ECF No. 80. Ms. Neal stated on the record that she wanted Mr. Pollack to remain as her attorney up until and following his six-month suspension and that she did not plan to have another lawyer to take over in the interim. Ms. Neal said that she understood she would be representing herself during Mr. Pollack's absence and that she must personally handle all facets of the litigation in accordance with all rules, court orders, and deadlines. *Id.* Given Ms. Neal's recent emails to the deputy clerk, the Court highlights a few of the basic rules governing civil litigation in federal courts.[1]

---

[1] Current editions of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") and the Local Rules for the United States District Court for the Western District of Virginia ("W.D. Va. L. R.") are available for free

1

First, "[a] request for a court order must be made by motion. The motion must: [] be in writing unless made during a hearing or trial; [] state with particularity the grounds for seeking the order; and [] state the relief sought." Fed. R. Civ. P. 7(b)(1)(A)–(C). Second, all motions—or any other paper that an attorney or self-represented party files in a case—must be signed in accordance with Rule 11(a). *See* Fed. R. Civ. P. 11(a); W.D. Va. Civ. R. 11(a). Any legal arguments or evidence must be presented through a motion or other authorized paper, like a brief in opposition to another party's motion. *See* W.D. Va. Civ. R. 11(c); Order ¶¶ 8–9, ECF No. 16. Third, self-represented parties must "file paper originals" of any document that they want the Court to consider in their case. *See* W.D. Va. Admin. P. for Filing, Signing & Verifying Pleadings & Papers by Elec. Means §§ C.5, D.4 (Oct. 22, 2019). They should deliver those documents to the Clerk's Office in person or by regular mail, and a deputy clerk "will scan these original documents" and electronically file them in the appropriate case. *Id.* § D.4.b. The Court will not accept any filings, legal arguments, or evidence sent by email. *See id.* § A.2.

Finally, attorneys and self-represented parties generally should not email court employees with informal updates or remarks about their cases—even if they copy other case participants on the email. Unless a judge assigned to the case orders otherwise, all case-related papers must be filed on the case's public docket. Those documents should not include sensitive personal identifying information like full birthdates, Social Security Numbers, or financial account information. Fed. R. Civ. P. 5.2.

It is so ORDERED.

ENTER: November 13, 2023

*[signature]*

---

at www.uscourts.gov and www.vawd.uscourts.gov, respectively. All case-specific orders and deadlines are available on the case's public CM/ECF docket, or from the Clerk's Office.

Joel C. Hoppe
U.S. Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

| | | |
|---|---|---|
| SAMUEL JOSEPH ORLANDO, | ) | |
| Plaintiff, | ) | Civil Action No. 5:23-cv-00012 |
| | ) | |
| v. | ) | <u>ORDER</u> |
| | ) | |
| BRISTOL NEAL, et al., | ) | By: Joel C. Hoppe |
| Defendants. | ) | United States Magistrate Judge |

This matter is before the Court on Plaintiff's motion to appoint a guardian ad litem for nonparty James Randy Gragg or, in the alternative, for a competency determination under Rule 17(c)(2) of the Federal Rules of Civil Procedure. ECF No. 89 (Nov. 9, 2023). Plaintiff's counsel was scheduled to depose Mr. Gragg on November 13, 2023. Plaintiff bases his motion on two recent emails from pro se Defendant Rebecca Neal, ECF Nos. 89-2, 89-3, in which she makes "troubling" representations about Mr. Gragg's present mental health and living conditions. *See* Pl.'s Br. in Supp. 1–2. He asserts that Ms. Neal's statements "have triggered this Court's duty to ensure" that Mr. Gragg is competent under Virginia law, *id.* at 1 (citing Fed. R. Civ. P. 17(b)(1)), and to appoint a guardian ad litem—or issue another appropriate order—to protect Mr. Gragg's interests "both within this litigation and more broadly," *id.* at 2 (citing Fed. R. Civ. P. 17(c)(2)). *See also id.* at 4 (citing cases).

Rule 17 governs "parties" to a civil action. *See* Fed. R. Civ. P. 17(a)–(d). "In general, a 'party' to litigation is one by or against whom a lawsuit is brought, or one who becomes a party by intervention, substitution, or third-party practice." *Smith v. Bayer Corp.*, 564 U.S. 299, 312 (2011). Under Rule 17(b), an individual's "[c]apacity to sue or be sued" is determined by the law of the individual's domicile. Fed. R. Civ. 17(b)(1). Certain duly appointed "representatives may sue or defend on behalf of a minor or an incompetent person." Fed. R. Civ. P. 17(c)(1). "A minor

1

or incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem." Fed. R. Civ. P. 17(c)(2). "The court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2).

Mr. Gragg is not a "party" to this litigation; he is a "nonparty" whom Plaintiff's counsel wants to depose under Rule 30(a) and Rule 45(c)(1) of the Federal Rules of Civil Procedure. *See* Pl.'s Mot. 1–3. The Fourth Circuit cases that Plaintiff cites to support his Rule 17(c)(2) motion, Pl.'s Br. in Supp. 4, all involved named parties to the civil action. *See generally Fonner v. Fairfax County, Va.*, 415 F.3d 325, 330 (4th Cir. 2005) (potentially incompetent counseled plaintiff); *Hudnall v. Sellner*, 800 F.2d 377, 384–85 (4th Cir. 1986) (potentially incompetent pro se defendant); *Genesco, Inc. v. Cone Mills Corp.*, 604 F.3d 281, 285 (4th Cir. 1979) (duly represented minor plaintiff). *Hudnall*, in particular, explicitly linked the phrase "incompetent person who is unrepresented in an action," Fed. R. Civ. P. 17(c)(2), to that person's status as a named "party" to the litigation under Rule 17(a). *See Hudnall*, 800 F.2d at 384 (explaining that there was "no question" pro se defendant had the "legal capacity to be sued in his own name in this federal diversity action" under Rule 17(a)(1), "even assuming it could be shown that he was then incompetent" for purposes of determining "whether the district court nevertheless should have appointed a guardian ad litem under" Rule 17(c)(2)).

Plaintiff does not cite any legal authority suggesting that Rule 17(c)(2) applies to a nonparty like Mr. Gragg. Accordingly, Plaintiff's motion to appoint a guardian ad litem for nonparty James Randy Gragg or, in the alternative, for a competency determination under Rule 17(c)(2) of the Federal Rules of Civil Procedure, ECF No. 89, is hereby **DENIED**.

It is so ORDERED.

ENTER: November 14, 2023

*Joel C. Hoppe*

Joel C. Hoppe
U.S. Magistrate Judge