IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

| | | |
|---|---|---|
| SAMUEL JOSEPH ORLANDO, ) | | |
|     Plaintiff, ) | Civil Action No. 5:22-cv-00062 | |
| ) | | |
| v. ) | MEMORANDUM OPINION & ORDER | |
| ) | | |
| SHERIFF DONALD L. SMITH, et al., ) | By:   Joel C. Hoppe | |
|     Defendants. ) |        United States Magistrate Judge | |
| | | |
| SAMUEL JOSEPH ORLANDO, ) | | |
|     Plaintiff, ) | Civil Action No. 5:23-cv-00012 | |
| ) | | |
| v. ) | MEMORANDUM OPINION & ORDER | |
| ) | | |
| BRISTOL NEAL, et al., ) | By:   Joel C. Hoppe | |
|     Defendants. ) |        United States Magistrate Judge | |

This matter is before the Court on pro se Defendant Rebecca Byrd Neal's motions to stay these related civil actions. *See* Def. R. Byrd Neal's Mot. to Stay, *Orlando v. Smith*, No. 5:22cv62 (W.D. Va. Feb. 14, 2024), ECF No. 67; Def. R. Byrd Neal's Mot. to Stay, *Orlando v. Neal*, No. 5:23cv12 (W.D. Va. Feb. 14, 2024), ECF No. 121.[1] They will be **denied without prejudice** for the reasons explained below.

In October 2022, Plaintiff Samuel Joseph Orlando ("Samuel") filed a fourteen-count complaint against Sheriff Donald Smith, Major Brian Jenkins, Bristol Neal, and Rebecca Byrd Neal. Compl., *Smith*, No. 5:22cv62 (W.D. Va. Oct. 24, 2022), ECF No. 1. Sheriff Smith and Major Jenkins work for the Augusta County Sheriff's Office. *Id.* ¶¶ 9, 11. Bristol Neal ("Bristol") and Rebecca Byrd Neal ("Rebecca") are private citizens whom Samuel met in 2014. *Id.* ¶¶ 13–17, 59–61. Bristol is Rebecca's adult son. *See id.* ¶¶ 15, 58.

---

[1] Signed copies of these identical letter motions are docketed at ECF No. 67-1 and ECF No. 121-1, respectively.

1

As drafted, Samuel's complaint contained six claims against Sheriff Smith and/or Major Jenkins, *id.* ¶¶ 183–89, 190–94, 195–200, 224–31, 266–84, 285–90; four claims against Bristol and Rebecca, *id.* ¶¶ 201–07, 208–15, 216–23, 243–47; and four claims against a government-official defendant(s) and a private-citizen defendant(s), *see id.* ¶¶ 232–42, 248–52, 253–61, 262–65. In February 2023, the Honorable Michael F. Urbanski, presiding District Judge, severed the four counts against Bristol and Rebecca (together, "the Neals") into a new civil action, *Orlando v. Neal*, No. 5:23cv12 (W.D. Va. opened Feb. 3, 2023). *See* Order of Feb. 2, 2023, *Neal*, No. 5:23cv12, ECF No. 2; Order of Aug. 15, 2023, at 2, *Neal*, No. 5:23cv12, ECF No. 56. The Neals are defendants in both *Smith*, No. 5:22cv62, and *Neal*, No. 5:23cv12. *See* Mem. Op. of May 8, 2023, at 2 n.1, *Smith*, No. 5:22cv62, ECF No. 50.

Attorney Bradley Pollack, Esq., represented the Neals in these cases for most of 2023. In October, Mr. Pollack informed this Court that the Virginia State Bar had suspended his license to practice law for six months effective November 6, 2023. *See* Order of Nov. 13, 2023, at 1, *Neal*, No. 5:23cv12, ECF No. 95. Bristol and Rebecca, who are not attorneys, are each appearing pro se for the time being. *See id.*; Order of December 5, 2023, at 1–3, *Smith*, No. 5:22cv62, ECF No. 60. Rebecca has filed a handful of papers on her own behalf in both cases, including the pending letter motions to stay filed on February 14, 2024.[2] *See* Def. R. Byrd Neal's Mot. to Stay, *Smith*,

---

[2] Bristol did not sign either document, Fed. R. Civ. P. 11(a), and the docket text indicates that Rebecca filed the motions to stay only for herself. *See* Docket Entries of Feb. 14, 2024, ECF Nos. 67, 121. That said, some statements in these motions could reasonably be interpreted as Rebecca trying to represent Bristol's interests as well as her own. *See, e.g.*, Def. R. Byrd Neal's Mots. to Stay ¶¶ 4–5 ("Mr Neal and I believe that this is witness intimidation and malicious prosecution. . . . It is apparent that any attempt I make to represent myself and Mr Neal will be met with more frivolous lawsuits against me."), ECF Nos. 67-1, 121-1. While Rebecca unquestionably has a right to file papers and litigate these cases on her *own* behalf, she cannot litigate them for Bristol or otherwise represent *his* interests in court. *See Myers v. Loudon Cnty. Pub. Schs.*, 418 F.3d 395, 400 (4th Cir. 2005); *In re Jay*, 455 B.R. 227, 242–49 (Bankr. E.D. Va. 2010); *Brown v. Ortho Diagnostic Sys.*, 868 F. Supp. 168, 170–72 (E.D. Va. 1994); *Sanders v. Sanders*, No. CL17-2187, 2017 WL 11456561, at *2 (Va. Cir. Ct. Nov. 27, 2017). Bristol is solely responsible for signing any paper or raising any issue that he wants this Court to consider. Fed. R. Civ. P. 11. He may join any of Rebecca's filings as long he signs and participates in preparing the document so

No. 5:22cv62, ECF No. 67-1; Def. R. Byrd Neal's Mot. to Stay, *Neal*, No. 5:23cv12, ECF No. 121-1; Fed. R. Civ. P. 11(a). In *Neal*, Rebecca and Bristol have each signed papers purporting to be jointly filed. *See, e.g.*, ECF Nos. 111, 125. The cases are proceeding on separate schedules. *See* Order of May 15, 2023, *Smith*, No. 5:22cv62, ECF No. 55; Order of Jan. 2, 2024, *Smith*, No. 5:22cv62, ECF No. 66; Order of Oct. 13, 2023, *Neal*, No. 5:23cv12, ECF No. 80.

\*

Rebecca asks the Court to stay both cases until she obtains counsel. The reason, she explains, is that Samuel has filed a criminal complaint accusing her of unauthorized practice of law ("UPL"), in violation of Virginia Code § 54.1-3904. *See* Def. R. Byrd Neal's Mots. to Stay, Va. Crim. Compl. (Harrisonburg-Rockingham Gen. Dist. Ct. Nov. 16, 2023), ECF Nos. 67, 121, at 3. That offense is a Class 1 misdemeanor. *See* Va. Code § 54.1-3904 (2022). On November 16, 2023, Samuel swore out a criminal complaint to a Virginia magistrate stating that Rebecca committed this alleged offense during a non-party deposition in *Orlando v. Neal*, No. 5:23cv12 (W.D. Va.), which occurred three days prior. *See* Def. R. Byrd Neal's Mots. to Stay 3. In October, Samuel's attorney had noticed a Rule 31 deposition for James Randy Gragg to take place at a hotel in Harrisonburg in mid-November. *See* Pl.'s Mot. for Rule 30(d)(2) Sanctions, Decl. of Zachary Lawrence, Esq. (Nov. 15, 2023), *Neal*, No. 5:23cv12, ECF No. 97. Mr. Gragg appeared for this deposition in person on November 13, 2023. *See* Pl.'s Br. in Supp. of Mot. for Rule 30(d)(2) Sanctions 2, *Neal*, No. 5:23cv12, ECF No. 98. Rebecca also attended. *See* Def. R. Byrd Neal's Mots. to Stay 3. Because this was a Rule 31 deposition conducted by a notary

---

that the court will know that each pro se party "speaks for himself/herself in presenting [issues] and arguments." *Heller v. Hunter's Lodge Civic Ass'n*, 1994 WL 1031153, at \*2 (Va. Cir. Ct. Apr. 20, 1994); *see also Brown*, 886 F. Supp. at 172; Fed. R. Civ. P. 11(a)–(b). Given Bristol's failure to sign Rebecca's motions to stay, ECF Nos. 67-1, 121-1, I assume Rebecca speaks only for herself on this matter. *See* Mot. Hr'g Tr. 3–7 (Apr. 30, 2024), *Smith*, No. 5:22cv62, ECF No. 87.

3

public, however, Samuel's attorneys chose not to attend in person. *See* Pl.'s Mot. for Rule 30(d)(2) Sanctions 2. Mr. Gragg's deposition was videotaped. *See* Mot. Hr'g Tr. 5; Lawerence Decl. ¶ 7.[3]

In his criminal complaint, Samuel attested that this recording documented two instances where Rebecca "interrupted the deposition to give Mr. Gragg legal advice." Def. R. Byrd Neal's Mots. to Stay 3. First, "[a]t timestamp 15:43:30," Rebecca allegedly told Mr. Gragg: "'You have to answer the questions Randy, they don't necessarily pertain to anything.' Gragg then followed [her] advice." *Id.* Second, "at timestamp 15:44:08, [Rebecca] interrupted the Courts reporter [sic] to advocate on behalf of Mr. Gragg, who she felt did not understand the question." *Id.* Samuel also attested that Rebecca "sent several emails to the [Federal District] Court on behalf of [Bristol] and Mr. Gragg, people she does not represent because she is not an attorney." *Id.* He did not describe the emails' content. *See id.* Finally, Samuel alleged that "[i]n giving Mr. Gragg legal advice at the deposition, and in advocating in letter motions practice for Mr. Gragg and Bristol Neal, [he] believe[d] Rebecca Neal ha[d] committed the offense of unauthorized practice of law in violation of Virginia Code § 54.1-3904, a class one misdemeanor, which has made it more difficult for [him] as a victim of child rape and trafficking to seek justice." *Id.* The magistrate issued a criminal complaint at 3:47 p.m. on November 16, 2023. *Id.*

Rebecca was served with a copy of this complaint and a summons on February 13, 2024. *See* Def. R. Byrd Neal's Mots. to Stay 1. The next day, she filed identical motions to stay these federal civil actions. *Id.* In her motions, Rebecca further explains that this is not the first time

---

[3] On November 15, Samuel's attorney filed a motion seeking sanctions against Mr. Gragg because his unruly behavior had impeded, delayed, and frustrated the Notary's ability to ask him written questions. *See* Pl.'s Mot. for Rule 30(d)(2) Sanctions 1–3, *Neal*, No. 5:23cv12, ECF No. 97. I granted Samuel's motion and allowed his attorneys to orally depose Mr. Gragg upon issuance of a proper notice. Order of Dec. 14, 2023, *Neal*, No. 5:23cv12, ECF No. 110.

4

Samuel has formally accused her of practicing law without a license. *See id.* In March 2023, Rebecca submitted a document to the Lynchburg Circuit Court in connection with another civil action between Samuel and Bristol. *See* Def. R. Byrd Neal's Mots. to Stay Ex., Order of Mar. 21, 2023, *Orlando v. Neal*, No. CL2395 (Lynchburg Cir. Ct.), ECF Nos. 67, 121, at 6. Samuel's attorney moved to strike the document and to sanction Rebecca "for attempting to represent another [in court] without having the training and licensure to do so," Pl.'s Br. in Opp'n Ex. 2, Decl. of Zachary Lawrence, Esq. ¶ 4 (Feb. 27, 2024), *Neal*, No. 5:23cv12, ECF No. 126-2. *See* Def. R. Byrd Neal's Mots. to Stay 1, 6. On March 21, the trial judge denied counsel's motion after an evidentiary hearing. *See* Def. R. Byrd Neal's Mots. to Stay 6. That evening, Samuel went to a magistrate in Lynchburg and accused Rebecca of violating § 54.1-3904 by practicing law without a license. *See id.* at 4. The magistrate issued a misdemeanor arrest warrant, *id.*, which led to Rebecca being "stopped in [her] vehicle and handcuffed," *id.* at 1. The Commonwealth dropped this UPL charge in May 2023. *See id.* at 1. Samuel's criminal complaint based on Rebecca's alleged statements at Mr. Gragg's deposition on November 13, 2023, is pending in Harrisonburg-Rockingham General District Court. *See* Mot. Hr'g Tr. 7. The next hearing is set for June 24, 2024. *Id.*

      Rebecca "fear[s] that anything [she] do[es] as Pro Se representation" in the federal civil cases "will be met with [her] arrest, or at very least, more frivolous" accusations that she is committing a crime by "practicing law" without a license. *See* Def. R. Byrd Neal's Mots. to Stay 1. Thus, she asks this Court to stay both cases "until [she] can obtain legal counsel." *Id.* Samuel opposes Rebecca's motion as "frivolous." Pl.'s Br. in Opp'n 11, *Neal*, No. 5:23cv12, ECF No. 126. He argues that staying these civil cases would unfairly prejudice him, is not necessary to protect Rebecca's right against compelled self-incrimination on the pending UPL charge, and

5

any stay would be indefinite because it is based on Rebecca's "uncertain[ty] whether she can abide by the law or will face further criminal prosecution," *id.* at 13. *See generally id.* at 11–24.

I held an in-person motion hearing on April 30, 2024. *See* Mot. Hr'g Tr. 3–5. Rebecca and Bristol each appeared pro se. *Id.* at 1–2. Samuel, Sheriff Smith, and Major Jenkins appeared though their respective attorneys. *See id.* At the hearing, I expressed concern that Samuel filed "criminal charges against [Rebecca] for how she is litigating the case." *Id.* at 12; *see generally id.* at 10–17. His criminal complaint describes "what looks . . . like a speaking objection in a deposition, which hardly is unauthorized practice of law."[4] *Id.* at 12–13. Moreover, any concerns about how a party is litigating *these* cases, pending in *this* federal court, should be brought to this Court's attention so that the undersigned magistrate judge or presiding district judge can ensure the cases proceed properly and in accordance with the federal rules. *See generally id.* at 9–18. I asked Mr. Lawrence why he did not alert me to his client's apparent concern about Rebecca's statements at Mr. Gragg's deposition. *See id.* at 11–12. Mr. Lawrence explained, correctly, that he could not file a motion for sanctions because Rebecca's statements did not impede, delay, or frustrate the fair examination of Mr. Gragg. *Id.* at 11–12; *see* Fed. R. Civ. P. 11(b), 30(d)(2).

---

[4] The Court has reviewed the video of Mr. Gragg's November 13, 2023, deposition in *Neal*, No. 5:23cv12 (W.D. Va.). Samuel's allegation that Rebecca was "practicing law" without a license appears to be based primarily on the following exchange:

| Notary: | Can you state your profession? |
| Mr. Gragg: | What does this pertain to? |
| Notary: | Regarding the case Orlando versus Neal. |
| Mr. Gragg: | What does my profession have to do with it? |
| Ms. Neal: | *You have to answer the question. It may not pertain to anything.* |
| Mr. Gragg: | Self-employed. |

ECF No. 97-2 (15:43:29–15:43:48 (emphasis added)). Rebecca simply told Mr. Gragg that he had to answer a deposition question even though the question "may" not be relevant to the underlying litigation. This was not improper. *See* Fed. R. Civ. 30(c)(2). Additionally, this Court did not accept for filing any of the "letter motion" emails that Samuel referenced in his criminal complaint. *See* Order of Nov. 13, 2023, at 1–2, *Neal*, No. 5:23cv12, ECF No. 95.

Rebecca also had not "filed a motion on someone else's behalf" in this litigation, so he saw no reason to file a motion to strike or for sanctions against her from this court. Mot. Hr'g Tr. 16–17. Mr. Lawrence was not involved in Samuel's decision to file criminal charges against Rebecca for her statements at Mr. Gragg's deposition. *See id.* at 13.

**

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). A court considering a motion to stay "has wide discretion to 'weigh competing interests and maintain an even balance.'" *Dragas Mgmt. Corp. v. The Hanover Ins. Co.*, No. 2:10cv547, 2012 WL 12895235, at *1 (E.D. Va. Mar. 5, 2012) (quoting *Landis*, 299 U.S. at 255). Relevant factors include judicial economy, potential prejudice or hardship to the moving party if the action is not stayed, and potential prejudice to the non-moving part if it is stayed. *Nationwide Gen. Ins. Co. v. Staples*, 626 F. Supp. 3d 899, 906 (E.D. Va. 2022). Where, as here, the court is asked to stay a civil action in light of criminal proceedings against the moving party, the court also should consider whether staying the civil case is necessary to protect that party's Fifth Amendment right against compelled self-incrimination. *See Maryland v. Universal Elections, Inc.*, 729 F.3d 370, 379–80 (4th Cir. 2013); *Ashworth v. Albers Med., Inc.*, 229 F.R.D. 527, 530–33 (S.D. W. Va. 2005). "The party seeking the stay must justify it by clear and convincing circumstances outweighing the potential harm to the party against whom it is operative." *Williford v. Armstrong World Indus., Inc.*, 715 F.2d 124, 127 (4th Cir. 1983); *accord Gibbs v. Plain Green, LLC*, 331 F. Supp. 3d 518, 525 (E.D. Va. 2018) (quoting *Williford*, 715 F.2d at 127).

Rebecca has not shown that a stay is warranted under the circumstances. First, I cannot pause these cases indefinitely while Rebecca looks for a new attorney. *See Ashworth*, 229 F.R.D. at 552–53 (citing *Landis*, 299 U.S. at 256). While I am concerned about the chilling effect that Samuel's most recent UPL accusations might have on Rebecca's ability to fully represent herself in *Neal* and *Smith*, Mot. Hr'g Tr. 15, 17, the fact remains that she agreed to litigate these cases for herself without counsel. *See, e.g.*, Order of Nov. 13, 2023, *Neal*, No. 5:23cv12, ECF No. 95. Rebecca's pro se status does not warrant an indefinite stay, and requiring her to go forward will not cause her undue hardship. *Mills v. Wexford Health Sources*, No. WDQ-15-616, 2015 WL 2165558, at *3 (D. Md. May 7, 2015). In fact, the Court has other, more effective tools it can use if one party's conduct threatens another party's ability to litigate his or her case. *See Sines v. Kessler*, No. 3:17cv49, 2020 WL 28277347, at *5 (W.D. Va. May 29, 2020). Second, the parties, the court, and the public all have a strong interest in seeing these cases resolved fairly, efficiently, and as expeditiously as possible. *See Skinner v. Armet Armored Vehicles, Inc.*, No. 4:12cv45, 2015 WL 540156, at *4–5 (W.D. Va. Feb. 10, 2015). The *Smith* case was stayed for the better part of 2023, and the *Neal* case has been delayed by discovery disputes and Mr. Pollack's suspension. There is no reason to stay the cases again. Finally, the pending UPL charge is not related to the facts in *Neal* or *Smith*, so no conflict exists between Rebecca's right against compelled self-incrimination in the criminal case and her ability to fully litigate the civil cases. *See Skinner*, 2015 WL 540156, at *4–5. Accordingly, Rebecca's motions to stay, ECF Nos. 67, 121, are hereby **DENIED without prejudice.**

***

Separately, the Court must emphasize the gravity of this peculiar situation. *See generally* Mot. Hr'g Tr. 10–17. The Court faced with a plaintiff who, despite having ample recourse in this

8

federal court, brought state criminal charges against a pro se defendant for "practicing law" without a license while—indeed, *because*—this defendant was participating in a federal lawsuit that the plaintiff brought against her in the first place. Practicing law without a license is a serious accusation.

In Virginia, "practicing law" includes representing someone else's interests in court; drafting, signing, or filing legal documents (including court papers) on someone else's behalf; advising another, for direct or indirect compensation, in any matter that involves applying law or legal principles to facts or other circumstances; and speaking for someone else when presenting evidence or arguments in court. *In re Jay*, 446 B.R. at 242–43 (collecting cases). Doing any of these things without an active law license from the Supreme Court of Virginia generally would be considered "unauthorized practice of law." *See, e.g.*, *Wood v. Marshall*, No. CL-2021-15106, 2017 WL 18360396, at *3 (Va. Cir. Feb. 1, 2022) (citing Va. Code § 54.1-3904). Representing one's *own* interest in litigation is not improper. *Heller*, 1994 WL 1031153, at *2. Any party who engages in conduct that threatens another's right to properly litigate his or her own case may be subject to case-related sanctions—including dismissal or default judgment. *See Sines*, 2020 WL 28277347, at *5 (collecting cases).

It is so ORDERED.

ENTER: May 10, 2024

Joel C. Hoppe
U.S. Magistrate Judge