CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

July 11, 2024

LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| SAMUEL JOSEPH ORLANDO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 5:22-cv-062 |
| v. ) | |
| ) | |
| SHERIFF DONALD L. SMITH, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |
| ) | |
| SAMUEL JOSEPH ORLANDO, ) | |
| ) | |
| Plaintiff, ) | Case No. 5:23-cv-012 |
| ) | |
| v. ) | By: Michael F. Urbanski |
| ) | Senior United States District Judge |
| BRISTOL NEAL, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

On July 9, 2024, the court held an in-person hearing regarding several pending motions in these related actions.[1] For the reasons stated during the hearing, the court **ORDERS** as follows:

1. **Plaintiff Samuel Joseph Orlando's Motion to Continue the Trial Date in the Neal Action, ECF No. 153**: At the hearing, the Neals and counsel for Orlando represented to the court that several discovery requests remain outstanding and that a continuance of the trial date would provide them additional time to obtain the

---

[1] Throughout this Order, the court refers to Orlando v. Smith, et al., Case No. 5:22-cv-062, as the "Smith Action" and to Orlando v. Neal, et al., Case No. 5:23-cv-012, as the "Neal Action."

requested discovery. Accordingly, Orlando's motion to continue the trial date, ECF No. 153, is **GRANTED** without objection, and the trial in the Neal Action is continued from September 23–27, 2024, to February 10–14, 2025. However, to ensure that the outstanding discovery does not further delay pre-trial motions practice and trial, the court hereby **ORDERS** as follows:

   a. The Neals are **DIRECTED** to file on the docket their written, signed responses to Orlando's Interrogatories and Requests for Admission within fourteen (14) days of the date of this Order. Given the sensitive nature of the discovery in this matter, the Clerk is **DIRECTED** to restrict the Neals' filing to court users and case participants only once they are filed.

   b. Orlando is **DIRECTED** to respond to Rebecca Neal's set of interrogatories within fourteen (14) days of the date of this Order. See ECF No. 153-2.

   c. Orlando is further **DIRECTED** to file on the docket his Requests for Production for which he seeks a response from the Neals within seven (7) days of the date of this Order. The court will review the Requests for Production and issue a separate order regarding the sufficiency of the Neals' response and their obligation to respond. See Neals' Resp., ECF No. 149.

2. **Orlando's Motion for Partial Summary Judgment in the Neal Action, ECF No. 112:** Based on the court's review of the record as it exists at this stage and the fact that substantial discovery requests are unanswered, the court is unable to conclude that no genuine dispute of material fact exists as to Count Six of Orlando's complaint. Accordingly, Orlando's Motion for Partial Summary Judgment in the

Neal Action, ECF No. 112, is **DENIED without prejudice**. Because the court is continuing the trial date, the parties now have additional time to file dispositive motions under the court's Scheduling Order, ECF No. 16. Orlando may refile his partial summary judgment motion, along with any other dispositive motions as he sees fit, after the parties have completed additional discovery and before the new dispositive motion deadline.

3. **Defendants Sheriff Donald L. Smith's and Major Brian Jenkins' Motion to Dismiss for Failure to State a Claim in the Smith Action, ECF No. 99:** This motion is **TAKEN UNDER ADVISEMENT** pending the court's additional review and analysis of the parties' arguments and relevant caselaw. A separate memorandum opinion and order on this motion are forthcoming.

4. **The Neals' Motion to Dismiss in the Neal Action, ECF No. 157:** On July 2, 2024, the Neals submitted a brief in both actions, styled as a memorandum in support of Smith's and Jenkins' motion to dismiss in the Smith Action, ECF No. 104, and as a standalone motion to dismiss in the Neal Action, ECF No. 157. In the brief, the Neals' principal argument is that Orlando's factual allegations are false, and the Neals also include their own set of facts in opposition in the brief. While the Neals do not point to a Federal Rule of Civil Procedure under which they bring the motion, the court, reading pro se filings liberally, Erickson v. Pardus, 551 U.S. 89, 94 (2007), construes the motion as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), given that the Neals' identical filing that they submitted in the Smith Action was in support of Smith's and Jenkins' motion to dismiss under

Rule 12(b)(6). However, unlike in the Smith Action, the opportunity to file a motion to dismiss under Rule 12(b) in the Neal Action has long since passed, given that the Neals filed their answer to the complaint over a year ago. See Fed. R. Civ. P. 12(b) ("A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed."); Defs.' Answer, ECF Nos. 5, 6 (filed Feb. 15, 2023). Accordingly, the Neals' Motion to Dismiss in the Neal Action, ECF No. 157, is **DENIED**. The Neals may file dispositive motions by the deadlines set forth in the court's Scheduling Order, ECF No. 16, as they see fit.

It is so **ORDERED**.

Entered: July 11, 2024

Michael F. Urbanski
Senior United States District Judge