Rebecca Byrd Neal
2105 Park Avenue
Lynchburg, VA 24501

CLERK'S OFFICE U.S. DISTRICT. COURT
AT LYNCHBURG, VA
FILED

August 27, 2024

AUG 27 2024

LAURA A. AUSTIN, CLERK
BY: /s/
DEPUTY CLERK

The Honorable Judge Urbanski
U.S. District Court
North Main Street, 3rd Floor
Harrisonuburg, VA 22802

RE:   Orlando v. Neal 5:23-cv-00012
      Discovery Compliance

Dear Judge Urbanski:

I hope this letter finds you well. I wanted to keep you up to date on the lack of progress regarding the Subpoenas issued for discovery by the U.S. Marshall.

As of this writing, it is my understanding that there is no confirmation that the Subpoenas have been served due to the lack of service filings. I assume that they were in fact served, however, I need verification to compel compliance to the Subpoenas. We have not received any documentation or written notice concerning the Subpoenas, other than Mr Erik Schneider's Motion to Quash filed on June 24, 2024. I believe that it is highly unlikely that out of 6 Subpoenas, only Mr Schneider and his Business were served. The requested documentation "should" bolster the Plaintiff's accusations, if they were true. Why the blanket refusal to submit relevant documentation?

The discovery requested from those Subpoenaed contain a wealth of information beneficial to the Defendants, Mr Bristol Neal and Mrs Rebecca Neal. I, Mrs Neal, have knowledge of the existence of the requested documents, text, emails and recordings, both audio and video. I believe that this delay is intentional and calculated to further hurt the Defendants. The requested information is related to the accusations against the Defendants. By obtaining full conversations via text, or email, video and or audio recordings the Defendants could present the full context of these convoluted accusations.

Now that the Court date for this matter has been delayed to 2025, it appears the speed at which this case was being prosecuted has come to an unceremonious slow down. Seemingly now that I, Mrs Neal, will testify against Mr Orlando's guardian, Richard E.Moore, in December 2024 without these matters being settled negates the need/desire to attempt to defame the credibility of Mrs Neal prior to her testimony. Now the only reason for this travesty to continue will be to tarnish and defame Mr Neal's future testimony against his abusers, the Plaintiff's guardians.

In closing, I would like to express my opinion that the Plaintiff should have to present evidence of the accusations against the Defendants. Mr Orlando has asserted that he and Mr. Neal had non consensual sexual relations 300 times. How was that figure derived? What records via text, email, recordings led to that exorbitant number? We realize that this is a Civil matter. However, for justice to be done, "proof" other than the snipits submitted to the Courts as evidence needs to be provided. Relevant to the accusation of force, intimidation and constant contact from the Defendant, Mr Neal to the Plaintiff, Mr Orlando, are the 11 months that Mr Neal resided in Utah with absolutely no contact with the Plaintiff. Upon leaving Utah, the Plaintiff and his guardians invited the Defendant to accompany them on a trip to New York. Logic would suggest that the terrified Plaintiff would never initiate contact with the Defendant, Mr Neal ever again. Unfortunately, facts and logic are not the root for these accusations. The Defendants Subpoenaed discovery would provide the "proof" that the accusations as presented to the Courts as fact, are indeed fictitious and garnered from a Plaintiff's desire to quash details that would ultimately hurt his family unit.

In conclusion, Mrs Neal asks assistance from the Clerks office to obtain - or request filing of - documents relating to service from the Roanoke Office of the U.S. Marshall. Once we have the pertinent information concerning the execution of service, we will file a motion to compel compliance.

Respectfully,

*Rebecca Neal*

Rebecca Byrd Neal
rebaneal78@gmail.com
540-435-4559