CLERK'S OFFICE U.S. DISTRICT COURT
AT LYNCHBURG, VA
FILED

NOV 18 2024

LAURA A. AUSTIN, CLERK
BY: /s/ 
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| SAMUEL JOSEPH ORLANDO, | : | |
| Plaintiff | : | |
| v. | : | 5:22-cv-00062 |
| SHERIFF DONALD L. SMITH, ET AL., | : | |
| Defendants | : | |
| | | |
| SAMUEL JOSEPH ORLANDO, | : | |
| Plaintiff | : | |
| v. | : | 5:23-cv-00012 |
| BRISTOL NEAL, ET AL, | : | |
| Defendants | : | |

**DEFENDANTS' JOINT MOTION FOR SANCTIONS AGAINST
AMINA MATHENY-WILLARD AND CHRISTOPHER OKAY**

Come now the Defendants, Rebecca Byrd Neal and Bristol Neal, *pro se*, hereby moves this Court to impose sanctions against Plaintiff's counsel, Amina Matheny-Willard and Christopher for having filed a frivolous lawsuit and subsequently now claiming incompetence to try the case. In support, we state the following:

1. On October 24, 2022, the instant Complaint was filed by both attorneys, Amina Matheny-Willard and Christopher Okay. As is typical, the Complaint makes allegations to attempt to deflect attention from those who actually committed said alleged acts against Defendant Mr Neal..

2. It wasn't until January 5, 2023 that a Motion was made to admit Zachary Lawrence into the case. However, between the filing of the Complaint and Lawrence's entry into the case, numerous pleadings were filed signed solely by Christopher Okay — who now claims in his motion to withdraw (ECF #112), dated November 7, 2024, that he's not competent to try the very Complaint he and Matheny-Willard filed against the Defendants. Aside from numerous cases relating to his divorce and real property, almost the entire body of Okay's experience in federal court in his representation of Nexus Services and related parties in frivolous lawsuits, most of which has been dismissed or he has otherwise exited from, including *USA v. Moore, RLI Insurance Company v. Nexus Services, Inc., et al., Sherman-Stoltz Law Group, PLLC v. Nexus Services, Inc., BLM of the Shenandoah Valley v. Smith, Cruz, et al. v. Chapman, et al., Cruz v. Smith, et al.*, and the instant matters.

3. Matheny-Willard, who according to a voluminous 1720-page filing, ECF 862-1 (annex 8) in the RLI case has received in excess of $300,000 for providing legal services to Nexus. On November 6, 2024, she has now filed a motion to withdraw claiming "incompetence" to try this matter in her motion in her filing (ECF #111). Nonetheless, Matheny-Willard served answers to interrogatories, which prove to be insufficient, in this matter on the Defendants on the evening she moved to withdraw, sole signatory to those answers. The Defendants request the Court take judicial notice of the Published Opinion upholding sanctions against Amina Matheny-Willard for having filed a pleading for an improper purpose. See *Michael J. Muhammad, et al. v. Ramin Fatehi*, 80 Va. App. 157, 897 S.E.2d 294 (2024).

4. In paragraph three of his motion, Okay claims "Plaintiff's "Co-Counsel are attorneys with significant experience in civil rights trial representation, while the undersigned lacks similar experience, and therefore is not qualified to serve as sole trial Counsel for Plaintiff

in this matter". While Okay's claims are not in the opinion of the Defendants, or verified by any federal court record, he claims Matheny-Willard is competent, while she's claiming she's not.

5.  These two attorneys, both licensed to practice law for decades are now claiming after having maintained a case for more than two years, are now seeking to withdraw, apparently because Mr. Lawrence has moved to withdraw because he's not being paid, which leads the Defendants to ask: who wrote the 52-page Complaint that Okay affixed his signature to and that Matheny-Willard had her name on?

6.  It should also not be lost on the Court that these withdrawals are occurring because the Defendants are pressing the Court for the enforcement of what should be a very simple discovery served on a number of Nexus-related individuals and their companies, which relief has been sought since early summer. Since that time, the over-zealous prosecution of these matters by Plaintiff has slowed to a crawl.

7.  The withdrawal of counsel for Plaintiff is seen as yet another delay and obstruct. A tactic used by Nexus Services and related parties. The Defendants have no problem with Mr. Lawrence withdrawing from this matter because — and this is nothing new with attorneys representing Nexus — he appears to not be receiving payment by Plaintiff. Matheny-Willard and Okay, however, are the attorneys who wrote, filed, and maintained this case for more than two months before Lawrence was added in.

8.  Defendants ask that this Court use its inherent authority to sanction both attorneys, as their motions to withdraw. Exhibit A shows a sampling of Matheny-Willard's media presence. This could be construed as false advertisement if she is in fact incompetent to try the case. Okay knew his competence in representing the Plaintiff when he took the case.

Now that it is blatantly obvious that the Defendants will not come to any type of agreement prior to a trial before a jury, the two Attorneys who originated the case both claim to be incompetent to take this to a trail.

WHEREFORE, the Defendants respectfully request the Court issue appropriate sanctions against both counsel, payable to this Court, and requests the Court refer both attorneys to the Virginia State Bar for misconduct, and such other relief as the Court deem proper.

WHEREAS, this case has no discovery on either side and unanswered Interrogatories from the Plaintiff citing their perceived "non- relevance" to the Defense relevant requests. The Plaintiffs accusations are based on snippets of text conversations, one questionable audio recording and ten year old creative memories.

the Defendants stating the above, move to dismiss 5:23-vc-00012

_Rebecca Neal_

Rebecca Byrd Neal - Defendant - Pro Se Litigant


_Bristol Neal_

Bristol Byrd Neal - Defendant - Pro Se Litigant