IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
February 10, 2025
LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
DEPUTY CLERK

| | |
|---|---|
| **SAMUEL JOSEPH ORLANDO,** | ) |
| | ) |
| Plaintiff, | ) Case No. 5:23-cv-012 |
| | ) |
| v. | ) By:    Michael F. Urbanski |
| | ) Senior United States District Judge |
| **REBECCA BYRD NEAL et al.,** | ) |
| | ) |
| Defendants. | ) |

## ORDER

Pending before the court is defendant Rebecca Neal's motion to dismiss "due to lack of evidence and non compliance to efforts to obtain materials to allow Defendants to adequately build a case to represent themselves successfully before the court." ECF No. 179. Rebecca Neal contends that the case against her and Bristol Neal was brought "to impune [the Neals'] character and create doubt as to the honesty of future testimony in criminal proceedings involving the Plaintiff's guardians." Id. at 1. To support the claim that the instant case is an attempt to "create doubt as to the honesty of future testimony" by Rebecca Neal, the motion cites a filing in a criminal case against Richard Moore, who is not a party in this case, stating Moore's opposition to the government's motion in limine to limit the cross examination of Rebecca Neal, who, according to the filing, was to serve as a government witness in the criminal trial. Id. at 3. The motion also requested dismissal due to the lack of discovery and the fact that several of plaintiff Orlando's attorneys had withdrawn and been replaced as Orlando's counsel. Id. at 1-2.

1

Even if these were meritorious grounds for dismissal, the motion is untimely. Rebecca Neal previously filed a motion to dismiss on similar grounds on July 2, 2024. ECF No. 157. That motion also cited discovery issues and claimed that in filing the case, "the Plaintiff [was] acting on behalf of other parties to silence the Neals." Id. at 3. The court construed that motion as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). ECF No. 160 at 3 (stating that the court would liberally construe pro se filings and citing Erickson v. Pardus, 551 U.S. 89, 94 (2007)). The court denied that motion to dismiss as untimely, noting that "the opportunity to file a motion to dismiss under Rule 12(b) in the Neal Action has long since passed, given that the Neals filed their answer to the complaint over a year ago." Id. at 4 (citing Fed. R. Civ. P. 12(b) ("A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed."); Defs.' Answer, ECF Nos. 5, 6 (filed Feb. 15, 2023)). For the same reasons, the currently pending motion to dismiss, ECF No. 179, is **DENIED**.

It is **SO ORDERED**.

Entered:   February 9, 2025

Mike Urbanski
Senior U.S. District Judge
2025.02.09 11:46:46
-05'00'

Michael F. Urbanski
Senior United States District Judge